# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| BRITTNEY D. HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-CV-33 ACL |
| | ) | |
| ANGELA MESMER, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be barred by § 2254's one-year limitations period, and the Court will order petitioner to show cause why the petition should not be dismissed.

Petitioner pled guilty to three counts of violence to an employee of the Missouri Department of Corrections. The Circuit Court for Audrain County sentenced petitioner to five years' imprisonment on each of the counts, to be served concurrently, on January 19, 2018. Petitioner did not file a direct appeal. Petitioner also did not file any post-conviction motions for relief. Petitioner filed the instant § 2254 application for relief on April 18, 2019.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The time for filing a direct appeal of the judgment expired ten (10) days after the judgment was entered. Mo. Sup. Ct. R. 30.01(d). As a result, petitioner's judgment on her original conviction became final ten (10) days after she was sentenced on January 19, 2018. Thus, petitioner's statute of limitations expired on or about January 29, 2019. And her application for relief for habeas corpus was filed in this Court more than three months late when she filed her action on or about April 18, 2019.

As a result, the Court will order petitioner to show cause why the petition should not be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #4] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall show cause, in writing and **no later than thirty (30) days from the date of this Order,** why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be dismissed.

Dated this  25th  day of June, 2019.

*/s/ Stephen N. Limbaugh, Jr.*
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE