UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| BRITTNEY D. HARRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 2:19-CV-33-ACL |
| ) | |
| ANGELA MESMER, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition of Brittney D. Harris for a Writ of Habeas Corpus under 28 U.S.C. § 2254.

### I. Procedural History

Harris is currently incarcerated at the Women's Eastern Reception, Diagnostic, and Correctional Center ("WERDCC") in Vandalia, Missouri, pursuant to the sentence of the Circuit Court of Audrain County, Missouri.  (Doc. 11-1.)

On January 19, 2018, Harris pled guilty to three counts of committing violence against a Department of Corrections employee.  (Doc. 11-2.)   The court sentenced Harris to five years' imprisonment on each count, to run concurrently.   (Doc. 11-1.)

Harris filed the instant Petition on April 19, 2019, in which she raises a single ground for relief.  (Doc. 1.)   Harris argues that she was mentally incompetent when she pleaded guilty. *Id.* at 4.

In her Response to Order to Show Cause, Respondent argues that the Petition should be denied as untimely.   (Doc. 11.)   In the alternative, Respondent contends that Harris's claim is procedurally defaulted, and fails on its merits.

### II. Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal courts review state court decisions under a deferential standard. *Owens v. Dormire*, 198 F.3d 679, 681 (8th Cir. 1999). "[A] district court shall entertain an application for a writ of habeas corpus . . . only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Further, a federal court may not grant habeas relief unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Owens*, 198 F.3d at 681 (quoting 28 U.S.C. § 2254(d)(1)). Findings of fact made by a state court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). *See also Gee v. Groose*, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where fairly supported by the record).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). With regard to the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *see also Bucklew v. Luebbers*, 436 F.3d 1010, 1016 (8th Cir. 2006); *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006). In other words, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Williams*, 529 U.S. at 411.

### III. Statute of Limitations

Respondent first argues that the Petition should be dismissed, because Harris failed to file her Petition within one year as required by 28 U.S.C. § 2244(d)(1)(A). "The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year limitations period for state prisoners to file federal habeas corpus petitions." *Bear v. Fayram*, 650 F.3d 1120, 1122 (8th Cir. 2011) (citing 28 U.S.C. § 2244(d)(1)). This one-year period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A habeas petition filed after the expiration of the limitations period is untimely and must be dismissed on that basis. *Bear*, 650 F.3d at 1122, 1125.

Pursuant to Missouri Supreme Court Rule 30.03, Harris had ten days after her January 19, 2018 sentencing during which to file her direct appeal. Harris did not directly appeal her convictions or sentence, nor did she seek post-conviction relief. The statute of limitations under AEDPA therefore began to run on January 29, 2018—ten days after her guilty plea—and continued to run uninterrupted. Thus, the Petition filed on April 19, 2019 is untimely.

Further, none of the exceptions under § 2244(d)(1) apply to excuse the untimely filing of the petition. As cause for her untimeliness, Harris argues that she was "unaware of the time limitations," and that she had been and is currently "under mental health care." (Doc. 7 at 1.)

"Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotations omitted). The Eighth Circuit has held that equitable tolling was not warranted "[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources," as is the case here. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). Although the Eighth Circuit has stated that

"mental impairment can be an extraordinary circumstance interrupting the limitation period," *Nichols v. Dormire*, 11 F. App'x 633, 634 (8th Cir. 2001) (per curiam), a petitioner must make more than a "bald and unsupported assertion[ ]" and instead make a minimum threshold showing that their incompetency affected them during the relevant time period and affected their ability to file a habeas petition, *Collins v. Scurr*, 230 F.3d 1362, 1362 (8th Cir. 2000). Furthermore, the court "will decline to apply the doctrine of equitable tolling if a habeas petitioner has not diligently pursued [their] rights." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009) (citing *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007)).

Here, Harris has not alleged that extraordinary circumstances beyond her control prevented her from timely filing her habeas petition. Instead, she has made only bald assertions about her lack of legal knowledge, mental health, and medication history, without alleging how those circumstances directly affected her ability to file her habeas petition in a timely manner. In her response to this Court's order to show cause on the issue of timeliness, Harris stated that she had spent "a large portion" of the last two-and-a-half years in segregation, under suicide watch and mental health observation, and that she was also under mental health observation and suicide watch at the time the crime occurred. (Doc. 7 at 1.) She states that she has not been mentally capable of preparing an appeal, and that she had just recently received a medication adjustment that allowed her to function. *Id.*

The crimes for which Harris was convicted occurred in June 2017. In the time that has passed since then, she signed a petition to enter a plea of guilty which stated that she fully understood the petition and that her attorney had fully explained it to her. (Doc. 11-1.) She also testified at the plea hearing that she understood her rights and all of the court's questions. *Id.* at 3-6. Anderson's mental competency was not an issue in the state court proceedings. Without more than Anderson's statements that she was not mentally capable of preparing a petition and that she was in segregation for a "large portion" of the past two-and-a-half years,

the court has no basis to find that Petitioner suffered from a mental impairment amounting to an extraordinary circumstance which would warrant the application of the equitable tolling doctrine.

Thus, the instant petition for habeas relief should be dismissed as untimely.

### IV. Procedural Default

Respondent next argues that Harris's claim is procedurally defaulted, because she did not present it to the state courts.

To obtain federal habeas review of a claim raised in a § 2254 petition, the petitioner must have first raised the federal constitutional dimensions of the claim in state court in accordance with state procedural rules. *Duncan v. Henry*, 513 U.S. 364 (1995) (per curiam); *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009) (quoted case omitted). A claim must be presented at each step of the judicial process in State court in order to avoid procedural default. *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994). If the petitioner failed to properly present the claim in state court, and no adequate non-futile remedy is currently available by which he may bring the claim in that forum, the claim is deemed procedurally defaulted and cannot be reviewed by the federal habeas court "unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Here, Harris did not file an appeal or a motion for post-conviction relief, and does not attempt to demonstrate cause for her default.

To establish legally sufficient cause for the procedural default, Harris must demonstrate that some objective factor external to the defense impeded her efforts to comply with a state procedural requirement. *Maples v. Thomas*, 565 U.S. 266, 280 (2012); *Coleman*, 501 U.S. at 750–52. To establish actual prejudice, a petitioner must demonstrate that the alleged errors

"worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999) (internal citations omitted).

In order for mental illness to constitute cause and prejudice, "there must be a conclusive showing that mental illness interfered with a petitioner's ability to appreciate his or her position and make rational decisions regarding his or her case at the time during which he or she should have pursued post-conviction relief." *Holt v. Bowersox*, 191 F.3d 970, 974 (8th Cir. 1999).

As discussed above, assuming Harris has been diagnosed with mental illnesses, those mental illnesses have not been shown to have interfered with her ability to make rational decisions regarding her guilty plea. Harris has also failed to demonstrate that the undefined periods of time she spent in segregation prevented her from seeking post-conviction relief. Further, the plea court advised Harris about her right to file a motion for post-conviction relief, and Harris responded that she understood. (Doc. 11-2 at 9.)

Thus, Harris's claim is procedurally defaulted.

## V.    Petitioner's Claim

In her sole ground for relief, Harris argues that she was not competent to enter her guilty plea. She claims that she was experiencing hallucinations and hearing voices, and states that she was "not on correct medication." (Doc. 1 at 4.) The undersigned has already found that Harris's petition is untimely, and her claim is procedurally defaulted. Her claim fails on its merits as well.

A defendant is mentally competent to enter a guilty plea if he has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding ... and ... has a rational as well as factual understanding of the proceedings against him." *Godinez v. Moran*, 509 U.S. 389, 396, 400 (1993) (internal quotation omitted) (applying the same standard to competency to plead guilty as is applied to competency to stand trial). In addition to

determining that a defendant who seeks to plead guilty is competent, the trial court must also satisfy itself that that defendant's waiver of his constitutional rights is voluntary and knowing to comply with due process of law. *Id.* A plea is voluntary and knowing if the defendant understands the consequences of his decision. *Shafer v. Bowersox*, 329 F.3d 637, 650 (8th Cir. 2003). A defendant's mental condition is necessarily relevant to both inquiries. *Id.* A defendant's representations during the plea-taking "carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Ingrassia v. Armontrout*, 902 F.2d 1368, 1370 (8th Cir. 1990).

The Court finds that Harris's claim that she was incompetent to enter a guilty plea is unsupported by the record. At the plea hearing, Harris appeared with counsel. The court asked Harris many questions throughout the plea, and she answered all of them clearly and coherently. Harris acknowledged that she understood her rights, represented that she was not under the influence of any substance, stated that she had a GED, represented that she was able to understand all of the court's questions, stated that she wished to plead guilty, indicated that she understood her post-conviction rights, and represented that she had no complaints about the assistance of counsel. (Doc. 11-2 at 4-9.) The trial court accepted Harris's plea, finding that Harris "understands the nature of the charges, that her plea is voluntary and unequivocal." *Id.* at 7. *See Smith v. Lockhart*, 921 F.2d 154, 157 (8th Cir. 1990) (affirming dismissal of habeas claim that plea was involuntary where the petitioner testified at the plea hearing that plea was voluntary; "Solemn declarations in open court carry a strong presumption of verity.") (citation omitted).

The factual determination of the state court that Harris understood the nature of the charges and that her plea was voluntary must be presumed to be correct, and Harris bears the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The record is devoid of evidence that Harris was incompetent when she entered her guilty plea

and Harris has failed to present any evidence to support her claim. Thus, Harris's claim fails on the merits.

## VI. Certificate of Appealability

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Hunter v. Bowersox*, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). In this case, Harris has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in her Petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, no Certificate of Appealability shall be issued.

## ORDER

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 be **denied** and be **dismissed with prejudice** by separate judgment entered this date.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Petitioner be denied a Certificate of Appealability if Petitioner seeks to appeal this Judgment of Dismissal.

/s/ Abbie Crites-Leoni  
ABBIE CRITES-LEONI  
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of November, 2021.

Dated this 29th day of November, 2021.